The Chief Justice
delivered the opinion of the court.
This was an action of detinue, for a slave named Lewis. On the trial of the general issue, the plaintiff produced in *332 evidence, the following instrument of writing, to wit:—
“Whereas Abner Hamilton, has this day lent to me six “hundred dollars, the receipt whereof is hereby acknowledged by me. In order to better secure the payment of the “same to him, again, I do hereby deliver to him a negro “boy named Lewis, about eleven or twelve years of age, “and hereby bind myself, to warrant and defend the title “of the same unto him, until I pay unto him, the above “named sum of six hundred dollars. Given under my hand “and seal, this 25th day of December, 1817.”
“JOHN C. HAMILTON, (Seal.)”
And he proved by the subscribing witnesses, that John Hamilton at the time of executing the said instrument, stated that the consideration thereof, was money due the plaintiff, on account of debts paid by the plaintiff, for said John, for money lent the said John by the plaintiff, and as an indemnity to the plaintiff on account of his becoming security for said John, in a bond for the payment of $1000, to John and James Barret. He also proved that he had since lifted said bond, by paying part of the money, and giving his own note for the residue. And he proved moreover that the slave in question, was at the time of the execution of the said instrument above recited, delivered by John Hamilton to him, and that he retained the possession thereof, until he was taken away and sold by the deputy sheriff.
This and other evidence, not material to be mentioned, having been given by the plaintiff, the counsel for the defendant moved the court to instruct the jury that so much of the testimony as related to the securityship aforesaid, and the money paid in consequence of such securityship since the date of the instrument before recited, was not proper evidence to prove the consideration thereof and that they should exclude the same in forming their verdict, which instructions the court accordingly gave.
The counsel for the defendant then moved the court to instruct the jury that if they were of opinion, that the instrument before recited had not been recorded within eight months after its execution, notwithstanding the delivery of possession of the said negro, to the plaintiff, and the continuance of his possession, until dispossessed by the deputy sheriff was void as to creditors and purchasers without notice; and the court gave this instruction also. To which several opinions of the court the plaintiff excepted.
The defendant on his part, produced in evidence a record *333 of a judgment and execution, obtained by James Bracken, against John Hamilton, subsequently to the date of the instrument herein before recited, in virtue of which execution it appeared the slave in question had been taken by the sheriff and sold, and the defendant bad become the purchaser at the sale. To the admission of the record as evidence, the plaintiff objected, but the court overruled the objection, and the plaintiff excepted. A verdict and judgment therefore passed for the defendant, and the plaintiff has appealed to this court.
If a slave be pledged (not mortgaged) in security for a given sum, if the pawnee make after advances, tho’ the parties agreed by parol that the slaved should be held as surety for such after advances; yet the slave cannot be so held, for a written agreement cannot be enlarged by parol.
An instrument in writing pawning a slave ’til money lent be returned, to be good against creditors and purchasers need not be recorded; but a mortgage to be good ag'st creditors and purchasers, must be recorded. A pledge is a thingpawned to remain in possession of the pawnee till the money is repaid, in which pawnee has only a special property, the title yet remaining in the pawner. A mortgage gives a general properly to mortgagor to be paid on payment.
*333 The first question presented by the record, is whether the circuit court erred in instructing the jury to disregard the testimony in relation to the plaintiff’s securityship for John Hamilton; and his subsequent advances of money for him in consequence of such securityship.
Of the correctness of this instruction, we have no doubt. The instrument executed by John Hamilton, to the plaintiff, purports to deliver to the plaintiff the possession of the slave in question, as a security only for six hundred dollars, lent on the day of its execution, and the testimony excluded by the court went to prove that the parties intended the possession of the slave to be a security also for other sums, which the plaintiff might be compelled to advance.
The obvious tendency of the testimony, therefore, was to enlarge the operation of the written contract, beyond the plain and literal import of its terms and such testimony, according to the soundest and best settled rules of evidence is inadmissible. We are aware that parol evidence of an additional consideration, not inconsistent with that recited in a deed has been held to be admissible; but the testimony excluded by the circuit court in this case tended to prove, not merely an additional consideration of the contract, but that the contract itself was intended to have further and other effect than it purports on its face to have.—It was therefore properly excluded.
The next question which arises is whether the circuit court correctly instructed the jury that the instrument before recited was void as to creditors and purchasers without notice, it not having been recorded within eight months after its execution.
If the instrument were a mortgage, there would be no reason to question the correctness of the instruction of the court; for a mortgage to be good as to creditors and pur *334 chasers, must be recorded within eight months: Body Va. Laws, 143. 2 Litt. 120.
A covenant containing executory stipulations, cannot be construed as a conveyance or mortgage, which must always be an executed agreement.
Property bona fide pledged is not liable to the creditors of the pawner, but the creditor or purchaser has a right to enquire into the fairness of the pledge, and to that end the record of the creditor’s judgment is admissible evidence.
*334 But we are not of opinion that the instrument in question, can be construed to be a mortgage of the slave. It is in evidence that the slave was pawned or pledged; but a thing may be pledged without being mortgaged. A mortgage, indeed, where the possession of the thing mortgaged, is given to the morgagee is a pledge, but is something more than a pledge. A pledge is a deposite of a thing not to be taken back, but upon the payment of a stipulated sum, and the pawnee has but a special property in the thing to detain for his security. But a mortgage is a grant or conveyance of the thing, upon condition, to be void if the money due, is paid at the stipulated time. The mortgagee has, therefore, not merely a special, but the general property in the thing which becomes absolute upon the failure of the mortgagor to perform the condition. See Powel on Mortgages 1, 2, 3. The instrument in this case does not purport to be a conveyance, nor is it consequently made subject to become void upon condition, for there being no conveyance, there could be no necessity for such a condition.
The covenant contained in the instrument to warrant and defend the title, is the only thing which gives it the appearance of a mortgage; but that covenant is in its nature and terms, executory and cannot therefore be construed to operate as a conveyance, which is an executed contract. The instrument then not purporting to be a conveyance, but a mere deposite of the slave as security, and not giving a general property, subject to the condition of paying the money, but to become absolute upon the failure to perform the condition, but giving merely a special property, with a right to detain the slave till the money was paid, has none of the attributes of a mortgage and does not consequently come within the provisions of the statutes requiring a mortgage to be recorded. The instruction of the circuit court therefore, that the instrument was void because it was not recorded is erroneous.
The only remaining question is whether the circuit court erred in admitting the record produced on the part of the defendant, to go as evidence to the jury.
If the slave in question, was pledged bona fide to the plaintiff, for money lent, he could not be taken and sold under an execution. 2 Tidd. 927 Bac. Abr. Tit. Execution. A creditor or purchaser, would we apprehend, have a right *335 to contest the fact that the slave was pledged, and for the purpose of shewing that the defendant occupied the attitude of a creditor or purchaser, the record was no doubt, admissible evidence.
B. Hardin for appellant, Crittenden for appellee.
But the circuit court having erred in deciding the instrument in question to be void as to creditors and purchasers, merely because it was not recorded within eight months after its execution, the judgment must, on that ground, be reversed, and the cause remanded for a new trial to be had not inconsistent with the foregoing opinion. The appellant must recover his costs in this court.