SANDERS
vs.
DAVIS.

---

CHANCERY.

## Sanders *vs.* Davis.

Case 23.

ERROR TO SHELBY CIRCUIT.

December 31.

Judge CRENSHAW delivered the opinion of the court.

1. A pledge of movable property is valid against *bona fide* purchasers, (*Hamilton* v. *Wagnon,* 2 *Marshall,* 334;) and is as valid without as with writing.

2. A bill of exchange pledged as indemnity to the pledgee, cannot be transferred by the pledger to another by mortgage to the prejudice of the pledgee.

Case stated.

About the 1st of January, 1850, Tyler Baird delivered to Samuel E. Davis some bills of exchange which had been accepted by Erasmus G. McGinnis, of Louisville. They were delivered to Davis to indemnify him against responsibilities which he was under as surety for Baird, and, perhaps, as collateral security for some notes which Davis held upon Baird. These bills had been protested for non-payment, and they had been paid and taken up by Baird, in part, it seems, by the payment of money, and, in part, by executing his note with Culvin Sanders as surety.

On the 5th day of December, 1850, Tyler Baird executed a mortgage to Sanders and others, for va-

rious articles of property, including said bills of exchange, to indemnify the mortgagees against their liabilities as his sureties, &c.

The mortgagees filed their bill to foreclose the mortgage; and, after his petition to the court to be made a party, Davis was made a defendant to the bill, and answered, making his answer a cross bill and setting up his claim to the bills of exchange as pawnee, and alleging a superior right thereto. The circuit court was of opinion that he had the better right to said bills, and decreed that the proceeds thereof should be paid to him. From that decree Sanders has appealed to this court.

It is insisted by Sanders that as the claim on McGinnis was not assigned to Davis, but only deposited with him for his indemnity, the subsequent transfer of it to the mortgagees, invested them with the legal right to it, and that this legal right, coupled with their equity, gave them a superior claim to that of Davis.

This position is, we think, untenable. In all instances of pledge, a special qualified property is transferred to the pawnee, together with the possession. True, the pawnee does not acquire the absolute property in the thing pledged, because of an implied contract for restitution upon certain contingencies; but the pawner has nothing left in him except the right to a *chose* in action, and he could pass to the mortgagees no other right than he himself had. And, on account of the qualified property of the pawnee, he may maintain an action at law against such as injure, or take away the property pledged. (*Blackstone's Commentaries*, 453.) It is declared by Kent in his Commentaries, page 581, that the pledge of movables without delivery is void, as against subsequent *bona fide* purchasers, and, generally, as against creditors. And we think it may be inferred from this declaration, that the pledge of movables, *with delivery*, *is valid* against *bona fide* purchasers and creditors. In the case of *Hamilton* v. *Wagnon*, 2 *Mar.* 334, it is de-

1. A pledge of movable property is valid against *bona fide* purchasers; (*Hamilton* v. *Wagnon*, 2 *Marshall*, 334;) and is as valid without as with writing.

SANDERS
*vs.*
DAVIS.

cided that an instrument pledging a slave in security for money, need not be recorded to be good against creditors and purchasers.  And if it be not necessary to record an instrument of writing which makes a pledge, in order to be good against creditors and purchasers, no notice of the pledge, to be good against them, is necessary.  And a pledge being as valid without writing as with it, is entitled, of course, to the same consideration, and has the same operation, as when reduced to writing.  The consequences must be precisely the same.

2. A bill of exchange pledged as indemnity to the pledgee, cannot be transferred by the pledger to another by mortgage, to the prejudice of the pledgee.

The evidence in this case shows that the bills of exchange on McGinnis were delivered to Davis, and have ever since remained subject to his control and management.  And we conclude that his right first to have his liabilities for Tyler Baird liquidated by the proceeds of said bills of exchange, is indisputable.

But it does not appear what will be realized from the claim against McGinnis.  It is alleged to amount, nominally, to the sum of twelve or thirteen hundred dollars; but it has not been ascertained, for aught that appears in this record, how much of it may be collected—whether less or more than the claims of Davis.  Nor is it ascertained what will eventually be the responsibility of Davis upon the debt due to Morton's executors, and this responsibility, including the other claims set up by Davis in his cross bill, may not amount to as much as may be realized from the claim against McGinnis.  The circuit court, before directing all the proceeds of the McGinnis claim to be paid to Davis, ought to have ascertained the sum to which Davis was entitled, or at least to have directed no more of this claim to be paid to him than the amount certainly due him, and this amount ought to have been fixed by the court.  Because, if anything should remain after satisfying what may, in fact, be due to him, the mortgagees will be entitled to the remainder. And hence, it was erroneous to direct the entire proceeds of the McGinnis claim, whatever they might be,

to be paid to Davis, before his liabilities, and the sum which could be realized from the estate of McGinnis, were ascertained.

Wherefore the decree upon the cross bill is reversed, and the cause remanded for further proceedings in conformity to the principles of this opinion.

*Lindsey*, for plaintiff; *Bullock*, for defendant.